Judge Joel T Marker  
Bankruptcy No. 23-25463

J. Gregory Schirf  
June, 4, 2024

Dear Judge,

Please accept this letter as a written objection to any agreement concerning Adam Nugent's bankruptcy case that does not consider my legitimate claims in this matter.

I am contacting the court personally, without the benefit of an attorney. The primary reason for not retaining legal council, is the result of my diminished financial resources after Nugent and his financial consulting company, Foresight Wealth Management, defrauded me of more than $500,000.

The frauds against me were committed with two different investments, both under the management and control of Nugent, and Foresight Management. One of the claims that I am requesting you to consider is my $200,000 investment in the LLC, Agronomic Capitol. This entity was created, falsely promoted and misrepresented by Nugent and his staff at Foresight. (I am attaching a K1 that will document my investment in Agronomic, LLC).

The many misrepresentations and pitches for this potential investment included statements from Jay Wells, a Foresight broker. They included fraudulent claims such as : "this is so hot, I am not sure I can get you in this deal", or "we are getting offers for twice our investment".

In the second instance of fraud that I am contending concerns the mismanagement by Nugent, Foresight Wealth Management and their agent, Jay Wells. As a client of Nugent and Foresight they invested $300,000 from my IRA and investment accounts in high commission value to them, but completely illiquid investments that are currently devoid of their original value to me. So much for their fiduciary and legal responsibility.

Finally your honor, I would like to encourage you to consider the history, record and numerous financial entanglements of Adam Nugent. As an international financial expert, with contacts and networks all over the world, it is easy to assume he has numerous means to hide, protect or abscond with my assets.

Sincerely,

Greg Schirf

*Greg Schirf*

435-602-9613

Case 23-25463    Doc 97    Filed 06/10/24    Entered 06/10/24 16:28:39    Desc Main
Document    Page 3 of 6

PARTNER# 28

**Schedule K-1
(Form 1065)**
Department of the Treasury
Internal Revenue Service

**2021**
For calendar year 2021, or tax year
beginning _____ ending _____

**Partner's Share of Income, Deductions, Credits, etc.**
See back of form and separate instructions.

651121
OMB No. 1545-0123

☐ Final K-1    ☐ Amended K-1

### Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| # | Item | Amount | # | Item | Amount |
|---|------|--------|---|------|--------|
| 1 | Ordinary business income (loss) | -8,468 | 14 | Self-employment earnings (loss) | |
| 2 | Net rental real estate income (loss) | | | | |
| 3 | Other net rental income (loss) | | 15 | Credits | |
| 4a | Guaranteed payments for services | | | | |
| 4b | Guaranteed payments for capital | | 16 | Schedule K-3 is attached if checked ☐ | |
| 4c | Total guaranteed payments | | 17 | Alternative minimum tax (AMT) items | |
| 5 | Interest income | | | | |
| 6a | Ordinary dividends | | | | |
| 6b | Qualified dividends | | 18 | Tax-exempt income and nondeductible expenses | |
| 6c | Dividend equivalents | | | | |
| 7 | Royalties | | | | |
| 8 | Net short-term capital gain (loss) | | 19 | Distributions | |
| 9a | Net long-term capital gain (loss) | -30,781 | | | |
| 9b | Collectibles (28%) gain (loss) | | 20 | Other information | |
| 9c | Unrecaptured section 1250 gain | | Z* | | STMT |
| 10 | Net section 1231 gain (loss) | -8,056 | | | |
| 11 | Other income (loss) | | | | |
| 12 | Section 179 deduction | | 21 | Foreign taxes paid or accrued | |
| 13 | Other deductions | | | | |
| 22 | More than one activity for at-risk purposes* | | | | |
| 23 | More than one activity for passive activity purposes* | | | | |

*See attached statement for additional information.

### Part I  Information About the Partnership

**A** Partnership's employer identification number
82-4606473

**B** Partnership's name, address, city, state, and ZIP code
AGRONOMIC CAPITAL, LLC
11550 S 700 E
DRAPER                     UT 84020

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

### Part II  Information About the Partner

**E** Partner's SSN or TIN (Do not use TIN of a disregarded entity. See instructions.)
XXX-XX-4966

**F** Name, address, city, state, and ZIP code for partner entered in E. See instructions.
J GREGORY SHIRF
2380 MEADOW DR
PARK CITY                  UT 84060

**G** ☐ General partner or LLC member-manager    ☒ Limited partner or other LLC member

**H1** ☒ Domestic partner    ☐ Foreign partner

**H2** ☐ If the partner is a disregarded entity (DE), enter the partner's:
TIN _____   Name _____

**I1** What type of entity is this partner?  **INDIVIDUAL**

**I2** ☐ If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 0.543877 % | 0.543877 % |
| Loss | 0.543877 % | 0.543877 % |
| Capital | 0.543877 % | 0.543877 % |

☐ Check if decrease is due to sale or exchange of partnership interest

**K** Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse | $ | $ |
| Qualified nonrecourse financing | $ | $ |
| Recourse | $ 22,274 | $ 6,727 |

☒ Check this box if Item K includes liability amounts from lower tier partnerships.

**L** Partner's Capital Account Analysis

| | |
|---|---|
| Beginning capital account | $ 73,308 |
| Capital contributed during the year | $ |
| Current year net income (loss) | $ -47,305 |
| Other increase (decrease) (attach explanation) | $ |
| Withdrawals & distributions | $ ( ) |
| Ending capital account | $ 26,003 |

**M** Did the partner contribute property with a built-in gain (loss)?
☐ Yes    ☒ No    If "Yes," attach statement. See instructions.

**N** Partner's Share of Net Unrecognized Section 704(c) Gain or (Loss)
Beginning $ _____
Ending    $ _____

For IRS Use Only

For Paperwork Reduction Act Notice, see Instructions for Form 1065.
DAA                          www.irs.gov/Form1065                          Schedule K-1 (Form 1065) 2021

Agronomic Capital, LLC
11550 S 700 E
Draper, UT 84020

J Gregory Shirf
2380 Meadow Dr
PARK CITY, UT 84060

Mark C. Rose, #13855
Jamie L. Nopper, #10703
MCKAY, BURTON & THURMAN, P.C.
Parkview Plaza I
2180 South 1300 East, Suite 400
Salt Lake City, Utah 84106
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: mrose@mbt-law.com
E-mail: jnopper@mbt-law.com
*Attorneys for Plaintiff Steven C. Beardsley*

## THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>ADAM NUGENT,<br><br>Debtor. | Bankruptcy No. 23-25463<br>(Chapter 7)<br><br>Judge Joel T. Marker |

### NOTICE OF MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN DEBTOR ADAM NUGENT AND CREDITOR STEVEN C. BEARDSLEY AND NOTICE OF OPPORTUNITY FOR HEARING

**Objection Deadline: June 17, 2024**

**PLEASE TAKE NOTICE** that Creditor Steven C. Beardsley ("Mr. Beardsley"), by and through counsel, has filed with the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court") in bankruptcy case 23-25463 a *Motion for Approval of Settlement Agreement Between Debtor Adam Nugent and Creditor Steven C. Beardsley* [ECF No. 94] (the "Motion"). The Motion seeks approval of a settlement agreement between Mr. Beardsley and Debtor Adam Nugent ("Mr. Nugent") regarding adversary proceeding 24-02026, which includes claims under 11 U.S.C. §§ 523 and 727.

Under the settlement agreement, Mr. Beardsley has agreed to release various claims in exchange for Mr. Nugent stipulating to a nondischargeable judgment under 11 U.S.C. § 523 in the amount of $650,000 in favor of Mr. Beardsley. If you would like a copy of the Motion or the settlement agreement or more information about the Motion, please e-mail Mr. Nugent's legal counsel, Mark C. Rose, at mrose@mbt-law.com.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

NO HEARING WILL BE CONDUCTED ON THE MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE COURT ON OR BEFORE THE OBJECTION DEADLINE SET FORTH BELOW.

If you do not want the Court to grant the relief requested in the Motion, then you or your attorney must:

1. On or before June 17, 2024, file with the Bankruptcy Court a written Objection, explaining your position, at:

United States Bankruptcy Court
350 South Main Street, Room 301
Salt Lake City, UT 84101
(if mailed)

or

United States Bankruptcy Court
Orrin G. Hatch U.S. Courthouse
351 South West Temple, Rm. 1.100
Salt Lake City, Utah 84101
(if delivered in person)

If you mail your objection to the Bankruptcy Court for filing you must mail it early enough so that the Court will receive it on or before **June 17, 2024**. You must also mail or e-mail a copy to the undersigned counsel at:

**McKay, Burton & Thurman, P.C.**
**c/o Mark C. Rose**
**Parkview Plaza I**
**2180 South 1300 East, Suite 400**
**Salt Lake City, Utah 84106**
mrose@mbt-law.com

2. Attend a hearing on the Motion on **June 26, 2024 at 10:30 a.m.** before the Honorable Joel T. Marker. This hearing will be held by Zoom. Parties should log in to Zoom at www.zoomgov.com at least ten (10) minutes before the scheduled time for the hearing. Meeting ID and Passcode for each judge are as follows:

Judge Joel T. Marker Meeting ID: 161 5478 8875; Passcode: 3834658

Parties who wish to participate in the hearing should consult the Bankruptcy Court's website at https://www.utb.uscourts.gov/court-hearings-be-conducted-zoom for the most up-to-date information regarding telephonic participation at a hearing.

There will be no further notice of the hearing, and failure to attend the hearing will be deemed a waiver of your objection. If you or your attorney do not take these steps, the Bankruptcy Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief. In the absence of a timely filed objection, the undersigned counsel may and will ask the Court to enter an order approving the Motion without hearing.

DATED this 30th day of May, 2024.

McKAY, BURTON & THURMAN, P.C.

/s/ Mark C. Rose
Mark C. Rose
*Attorneys for Creditor Steven C. Beardsley*