**This order is SIGNED.**

**Dated: June 30, 2024**





**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

*msc*

SCOTT H. EPPERSON - #14636
EPPERSON & OWENS, PC
10 West 100 South, Suite 500
Salt Lake City, Utah 84101
Telephone No. (801) 983-9800
Facsimile No.  (801) 983-9808
sepperson@eolawoffice.com
*Attorney for Creditor Diane C. Epperson*

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH

---

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 23-25463 |
| | ) | |
| | ) | Chapter 7 |
| ADAM NUGENT | ) | |
| | ) | Adversary Proceeding No. 24-02024 |
| | ) | |
| Debtor. | ) | Hon. Joel T. Marker |
| | ) | |

---

**ORDER APPROVING STIPULATION BETWEEN DEBTOR AND CREDITOR DIANE
C. EPPERSON**

---

The Court, upon motion (the "Motion") of Diane C. Epperson ("Epperson"), creditor in the

above-captioned debtor (the "Debtor") under sections 105(a), 502, and 523(a) of the Bankruptcy

Code, seeks entry of an order approving the Settlement Agreement attached as Exhibit 1 hereto

(the "Settlement Agreement"), and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and relief requested herein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances, satisfying the requirements of the Bankruptcy Rules, and no objections having been filed in response thereto; and the Court having found and determined that the relief sought in the Motion is appropriate; and sufficient cause appearing therefore, it is hereby ORDERED:

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreement agreeing to judgment, attached as <u>Exhibit 1</u>, is approved, and incorporated herein by reference.  In the event of any inconsistency between this Order, the Motion, and the Settlement Agreement, this Order will control.

3. Without further motion in the chapter 7 case, the Court will enter a judgment to be submitted by the Debtor and Epperson in Adversary Proceeding No. 24-02024 (i) entering judgment against the Debtor in the amount of $250,000; and (ii) declaring that the amount of the judgment is nondischargeable under section 523(a)(2) and (a)(19) of the Bankruptcy Code.

4. The Debtor has waived his right to object to the proof of claim filed by Epperson in the bankruptcy case in the amount of $250,000.

5. Notwithstanding anything else in this Order or the Settlement Agreement, the rights of any party in interest who is not a party to the Settlement Agreement (including, but not limited

to, the Chapter 7 Trustee) to object to any claims asserted by Epperson in the Debtor's bankruptcy case are preserved.

6.  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

*   *   *

[End of Text]

## **EXHIBIT 1 TO PROPOSED ORDER**

*Settlement Agreement*

## SETTLEMENT AGREEMENT

Plaintiff/Creditor DIANE C. EPPERSON, on behalf of herself and her heirs and beneficiaries, and Debtor/Defendant ADAM NUGENT, hereby enter into this Settlement Agreement, for the consideration hereinafter set forth this 3 ( day of March, 2024.

1.    Settlement.

Debtor/Defendant ADAM NUGENT by entering into this settlement agreement, concedes that Plaintiff/Creditor DIANE C. EPPERSON invested in Agronomic Capital in the sum of $250,000, which investment was lost through negligence and fraud as is more fully reported in the **Exhibit 1 attachment,** entitled "Security and Exchange Commission's Order Instituting Administrative and Cease-And Desist Proceedings, Pursuant to Section 8A of the Securities Act of 1933, Sections 15(b)(6) and 21C of the Securities Exchange Act of 1934, Sections 203(e), 203(f), and (203(k) of the Investment Advisors Act of 1940, and Section 9(b) of the Investment Company Act of 1940, Making Findings, and Imposing Remedial Sanctions and a Cease-And-Desist Order."

Plaintiff/Creditor DIANE C. EPPERSON timely filed Notice of Proof of Claim against Debtor/Defendant ADAM NUGENT on November 28, 2023, objecting to his bankruptcy discharge. **Exhibit 2.**

Debtor/Defendant ADAM NUGENT hereby stipulates and agrees to Judgment against him in the sum of $250,000 in favor of Plaintiff/Creditor Diane C. Epperson; and consents to that judgment being entered by the Court in Case No. 24-02024; (See Complaint attached as **Exhibit 3.**).

Any payments that the Security and Exchange Commission pays to DIANE C. EPPERSON will reduce the total amount ADAM NUGENT owes.

2.    Warranty of Capacity to Execute Agreement.

ADAM NUGENT represents and warrants that no other person or entity has any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement; and that he has the sole right and exclusive authority to execute this Settlement Agreement and enter into it.

3.    Representation of Comprehension of Document.

In entering into this Settlement Agreement, ADAM NUGENT represents that he has relied upon the legal advice of his attorney, who is his attorney of choice, that the terms of this Settlement Agreement have been completely read and explained to him by his attorney, and he fully understands and voluntarily accepts them.

4.    Dispute as to This Agreement

If any party is in default with regard to this agreement and the non-defaulting party prevails in a suit to enforce any defaulted provision, the non-defaulting party will recover their costs and attorneys' fees incurred.

5.    Severability

If any provision of this Settlement Agreement and Release shall be invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired.

6.    Counterpart Signatures

This Settlement Agreement may be executed in any number of counterparts, each of which will be considered an original and together with all other executed counterparts will constitute one and the same instrument.

_____
ADAM NUGENT

STATE OF UTAH                    )
                                 : ss.
COUNTY OF Salt Lake              )

On the 2ND day of April, 2024, personally appeared before me ADAM NUGENT, being first duly sworn under oath, acknowledged to me that he executed the same as his own free act and deed.

_____
Notary Signature and Seal

JoEllen Crockett
Notary Public State of Utah
My Commission Expires on:
December 29, 2026
Comm. Number: 728507

2

_Diane C. Epperson_
DIANE C. EPPERSON

STATE OF UTAH                    )
                                 : ss.
COUNTY OF ___Salt Lake___        )

On the __28th__ day of _____March_____, 2024, personally appeared before me DIANE C. EPPERSON, being first duly sworn under oath, acknowledged to me that she executed the same as her own free act and deed.

_____Emily Crooks_____
Notary Signature and Seal

EMILY CROOKS
Notary Public - State of Utah
Comm. No. 728838
My Commission Expires on
Jan 25, 2027